Joanna Citron Day
District of Columbia Bar No. 477833
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044
Phone: (202) 514-3394
Fax: (202) 598-5318
Email: joanna.day@usdoj.gov
*Attorney for Plaintiff, United States of America*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

THE UNITED STATES OF AMERICA

        Plaintiff,

        v.

CITY OF DRIGGS, IDAHO and

STATE OF IDAHO,

        Defendants.

Case No. 4:22-cv-00444

**COMPLAINT**

Plaintiff the United States of America, by the authority of the Attorney General of the United States and acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

## NATURE OF THE ACTION

1.    This is a civil action for injunctive relief and civil penalties brought against the City of Driggs, Idaho (the "City") pursuant to Sections 309(b) and (d) of the Federal Water Pollution Control Act ("Clean Water Act" or "CWA"), 33 U.S.C. §§ 1319(b) and (d), for the City's illegal discharges of pollutants in violation of Section 301(a) of the CWA, 33 U.S.C. §

1

1311(a), including for violations of conditions established in the City's National Pollutant

Discharge Elimination System ("NPDES") permit issued under Section 402 of the CWA, 33

U.S.C. § 1342.  This action involves violations relating to the City's separate sanitary sewer

system.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to

Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and 28 U.S.C. § 1331, 1345, and 1355.

3.      The United States has authority to bring this action on behalf of the Administrator

of EPA ("Administrator") under Section 506 of the CWA, 33 U.S.C. § 1366, and 28 U.S.C.

§ 516, 519.

4.      Venue is proper in the District of Idaho pursuant to 28 U.S.C. § 1391(b) and

1395(a), and Section 309(b) of the CWA, 33 U.S.C. § 1319(b), because it is the location where

the Defendants are located and where the claims arose.

## DEFENDANTS

5.      The City is a political subdivision of the State of Idaho and a "municipality" and a

"person" within the meaning of Sections 502(4) and (5) of the CWA, 33 U.S.C. § 1362(4) and

(5).

6.      The City owns and is responsible for the operation and maintenance of a

wastewater treatment plant ("WWTP" or "Facility"), and its associated sewage collection

system.

7.      The sewage collection system, which conveys wastewater and solids to the

WWTP, consists of sewers, manholes, and other associated appurtenances (collectively the

"Sewage Collection System").  The WWTP treats domestic sanitary waste and wastewater from commercial establishments.

8.      The WWTP serves a population of approximately 1,984 within the City.  The Facility also accepts sewage from the City of Victor ("Victor") and various unincorporated portions of Teton County, pursuant to an inter-city agreement, for a total service population of approximately 5,573.

9.      The WWTP discharges effluent from the Facility to Woods Creek, which flows to the Pacific Ocean via the Teton River, Henry's Fork, the Snake River, and the Columbia River.

10.      Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), notice of the commencement of this action has been given to the State.

11.      The State of Idaho is named as a Defendant in this action in order to satisfy the requirement of Section 309(e) of the CWA, 33 U.S.C. § 1319(e), that the State be joined as a party.

## STATUTORY AND REGULATORY BACKGROUND
### Clean Water Act

12.      The objective of the CWA is to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). The CWA establishes a national goal to eliminate the discharge of pollutants into navigable waters. 33 U.S.C. § 1251(a)(1).

13.      Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the "discharge of any pollutant by any person" except, *inter alia*, in compliance with a NPDES permit issued by EPA or an authorized state pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

14.      The term "person" is defined to include municipalities with jurisdiction over disposal of sewage, industrial wastes, or other wastes. 33 U.S.C. § 1362(4), (5).

15.     Section 502(12) of the CWA, 33 U.S.C. § 1362(12), defines "discharge of a pollutant" to include any addition of any pollutant to navigable waters from any point source.

16.     Section 502(6) of the CWA, 33 U.S.C. § 1362(6), defines "pollutant" to include sewage, sewage sludge, and industrial and municipal waste.

17.     Section 502(7) of the CWA, 33 U.S.C. § 1362(7), defines "navigable waters" as "the waters of the United States, including the territorial seas." "Waters of the United States" has been further defined to include, among other things, waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce, and tributaries of such waters. 40 C.F.R. § 122.2 (1993) and 40 C.F.R. § 120.2 (2020).

18.     Section 502(14) of the CWA, 33 U.S.C. § 1362(14), defines a "point source" as "any discernable, confined and discrete conveyance . . . from which pollutants are or may be discharged."

19.     Section 402 of the CWA, 33 U.S.C. § 1342, provides authority for the Administrator to issue NPDES permits for the discharge of any pollutant, consistent with other provisions of the CWA. Such permits allow the discharge of pollutants by any person into the waters of the United States subject to the terms and conditions set forth therein.

20.     Section 402(a)(2) of the CWA, 33 U.S.C. § 1342(a)(2), directs the Administrator to prescribe conditions for NPDES permits to assure compliance with specified provisions of the CWA. Such conditions include effluent limits, sampling requirements, and reporting requirements. 33 U.S.C. § 1311, 1318, 1342(a)(2).

21.     Effluent limitations, as defined in Section 502(11) of the CWA, 33 U.S.C.
§ 1362(11), are restrictions on quantity, rate, and concentration of chemical, physical, biological, and other constituents that are discharged from point sources.

22.     Section 402(b) of the CWA, 33 U.S.C. § 1342(b), provides that a state may establish its own permit program, and after receiving EPA approval of its program, may issue, administer, and enforce NPDES permits within its jurisdiction.

23.     On June 5, 2018, EPA approved the State of Idaho's application to administer and enforce the NPDES program in the State. EPA retains concurrent enforcement authority pursuant to Section 402(i) of the CWA, 33 U.S.C. § 1342(i).

24.     Section 309(b) of the CWA, 33 U.S.C. § 1319(b), authorizes the Administrator to commence a civil action to obtain appropriate relief, including a permanent or temporary injunction, when any person violates Section 301 of the CWA, 33 U.S.C. § 1311, any condition or limitation in a NPDES permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342, or any order issued pursuant to CWA Section 309(a), 33 U.S.C. § 1319(a). The United States Department of Justice has authority to bring this action on behalf of EPA pursuant to Section 506 of the CWA, 33 U.S.C. § 1366.

25.     Under Section 309(d) of the CWA, 33 U.S.C. § 1319(d), together with the Federal Civil Penalties Inflation Adjustment Act of 1990, as amended by the Debt Collection Improvement Act of 1996, 28 U.S.C. § 2461, and 40 C.F.R. § 19.4, any person who violates Section 301 of the CWA, 33 U.S.C. § 1311, or any condition or limitation contained in a NPDES permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342, shall be subject to a civil penalty not to exceed $59,973 per day for each violation that takes place after November 2, 2015.  *See* 87 Fed. Reg. 1676 (Jan. 12, 2022).

## GENERAL ALLEGATIONS

26.     The WWTP and Sewage Collection System constitute a "treatment works" within the meaning of Sections 502(26) and 212(2)(A) of the CWA, 33 U.S.C. §§ 1362(26) and 1292(2)(A), and a "publicly owned treatment works" ("POTW"), within the meaning of 40 C.F.R. § 122.2 and 403.3(q).

27.     At all times relevant to this Complaint, the City was authorized to discharge wastewater from the WWTP to navigable waters from an outfall identified as Outfall 001 in the City's NPDES Permit No. ID-0020141 ("NPDES Permit").

28.     The NPDES Permit was issued by EPA on November 4, 2010, pursuant to Section 402 of the CWA, 33 U.S.C. §1342, and became effective on January 1, 2011. The NPDES Permit expired on December 31, 2015. Because the City timely applied for renewal of its NPDES Permit, the NPDES Permit was administratively extended on October 14, 2015, pursuant to 40 C.F.R. § 122.6, until the effective date of the new NPDES Permit issued by IDEQ.  In accordance with 40 C.F.R. § 122.6(b), the NPDES Permit remains fully effective and enforceable.

29.     Outfall 001 is a "point source" within the meaning of Section 502(14) of the CWA, 33 U.S.C. § 1362(14).

30.     Woods Creek, the Teton River, Henry's Fork, the Snake River, and the Columbia River constitute "navigable waters" and "waters of the United States" within the meaning of Section 502(7) of the CWA, 33 U.S.C. § 1362(7), and 40 C.F.R. § 122.2 (2020).

31.     The NPDES Permit also establishes monitoring, sampling, and reporting requirements, including the monthly submission of discharge monitoring reports ("DMRs") to

the permitting authority, which summarize discharge monitoring data and indicate noncompliance with effluent limits.

32.     Discharges from the WWTP are subject to the requirements of City's NPDES Permit.  The City's NPDES Permit contains effluent limitations prohibiting discharges of specified pollutants in excess of numeric monthly average, daily maximum, annual total, instantaneous minimum/maximum, and/or daily minimum limits.

**FIRST CLAIM FOR RELIEF**
**(Violations of NPDES Permit Conditions on Effluent Limitations)**

33.     Paragraphs 1 through 32 are incorporated by reference as if fully set forth below.

34.     During all times relevant to this Complaint, the NPDES Permit required compliance with the following limitations on discharges from Outfall 001:

a.     Biochemical oxygen demand ($BOD_5$) shall not exceed a monthly average load of 225 pounds per day, and average monthly concentration limit of 45 mg/L;

b.     E. Coli shall not exceed an instantaneous maximum colony count of 406/100 mL per sample;

c.     Total Ammonia as N shall not exceed a daily maximum load of 8.4 pounds per day, a maximum daily concentration of 1.68 mg/L, a monthly average load of 4.2 pounds per day, and an average monthly concentration of .84 mg/L; and

d.     Instantaneous minimum pH in effluent from Outfall 001 shall not be less than 6.5 standard units.

35.     On various days within the past five years, the City discharged effluent from Outfall 001 that did not comply with the NPDES Permit's effluent limitations.  A list of the

discharges reported in the City's DMRs that are in violation of the effluent limitations from the period of July 1, 2017 to September 30, 2021 is attached as Appendix A.

36.     Each violation of a permit condition is a separate violation of the NPDES Permit issued under Section 402 of the CWA, 33 U.S.C. § 1342, as is each day of discharge.

37.     Unless enjoined by the Court, the City's violations are likely to continue.

38.     Pursuant to 33 U.S.C. § 1319(b) and (d), and 40 C.F.R. § 19.4, the City is liable for civil penalties not to exceed $59,973 per day for each violation that takes place after November 2, 2015.

## SECOND CLAIM FOR RELIEF
### (Violations of NPDES Permit Conditions on Sample Collection)

39.     Paragraphs 1 through 32 are incorporated by reference as if fully set forth below.

40.     During all times relevant to this Complaint, the NPDES Permit required at least five grab samples of effluent from Outfall 001 per month to monitor for E. coli, with at least three to seven days between the collection of each sample.

41.     On various days within the past five years, the City failed to sample the effluent from Outfall 001 for E. coli at the frequency required by the NPDES Permit. For example, in September 2020, the City collected five samples during two sampling events and failed to wait the required three to seven days between the collection of each sample.

42.     Each violation of a permit condition is a separate violation of the NPDES Permit issued under Section 402 of the CWA, 33 U.S.C. § 1342.

43.     Unless enjoined by the Court, the City's violations are likely to continue.

44.     Pursuant to 33 U.S.C. § 1319(b) and (d), and 40 C.F.R. § 19.4, the City is liable for civil penalties not to exceed $59,973 per day for each violation that takes place after November 2, 2015.

## THIRD CLAIM FOR RELIEF
### (Violations of NPDES Permit Conditions on EPA approved QA/QC and Chain of Custody Procedures)

45.     Paragraphs 1 through 32 are incorporated by reference as if fully set forth below.

46.     During all times relevant to this Complaint, the NPDES Permit required the City to follow EPA-approved quality assurance/quality control ("QA/QC") and chain-of-custody procedures described in *Requirements for Quality Assurance Project Plans* (EPA/QA/R-5) and *Guidance for Quality Assurance Project Plans* (EPA/QA/G-5).

47.     On various days within the past five years, the City failed to follow the EPA-approved QA/QC and chain of custody procedures required by the NPDES Permit. For example sampling records inspected in September 2020 lacked signature, date, and time when the samples were relinquished to or accepted by the lab.

48.     Each violation of a permit condition is a separate violation of the NPDES Permit permit issued under Section 402 of the CWA, 33 U.S.C. § 1342.

49.      Unless enjoined by the Court, the City's violations are likely to continue.

50.     Pursuant to 33 U.S.C. § 1319(b) and (d), and 40 C.F.R. § 19.4, the City is liable for civil penalties not to exceed $59,973 per day for each violation which takes place after November 2, 2015.

## FOURTH CLAIM FOR RELIEF
### (Violations of EPA Administrative Order)

51.     Paragraphs 1 through 32 are incorporated by reference as if fully set forth below.

52.     In 2018, EPA entered into a Consent Agreement and Final Order pursuant to Section 309(g)(2)(B), 33 U.S.C. § 1319(g)(2)(B), with the City to resolve EPA's claims for 3,722 violations of the NPDES Permit that occurred between November 2012 and June 2017. The City and EPA also entered into a Compliance Order on Consent ("2018 Order") pursuant to

Section 309(a)(3), 33 U.S.C. § 1319(a)(3), to bring the City into compliance with the NPDES Permit.

53.     The 2018 Order, which became effective on April 26, 2018, required the City to:

      a.      Identify the modifications and corrective actions needed at the WWTP to achieve compliance with the effluent limitations in the NPDES Permit within 12 months of the effective date of the 2018 Order and provide written notification to EPA of the identified modifications and corrective actions;

      b.      Complete construction of any modification to the Facility and implementation of any corrective action within 24 months of the effective date of the 2018 Order and provide written notification to EPA; and

      c.      Achieve compliance with the effluent limits in the NPDES Permit within 24 months of the effective date of the 2018 Order and provide written notice to EPA that the WWTP had achieved compliance with the effluent limitations.

54.     The City failed to implement any of the injunctive relief required by the 2018 Order by the required deadlines described above and, on information and belief, continues to violate the NPDES Permit. On April 23, 2020, the City acknowledged that it would not meet the deadlines required by the 2018 Order and requested an extension of the deadlines in the 2018 Order.  EPA did not grant the requested extension.  The City has been in violation of the 2018 Order since April 29, 2019.

55.     Any person who violates an order issued pursuant to section 309(a) of the CWA, 33 U.S.C. § 1319(a), is subject to civil penalties pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d).

56.     Unless enjoined by the Court, the City's violations are likely to continue.

57.     Pursuant to 33 U.S.C. §§ 1319(b) and (d), and 40 C.F.R. § 19.4, the City is liable for civil penalties not to exceed $59,973 per day for each violation that takes place after November 2, 2015.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that the Court:

1.     Pursuant to 33 U.S.C. § 1319(b) and (d), assess civil penalties against the City, as permitted by law, up to the date of judgement herein;

2.     Pursuant to 33 U.S.C. § 1319(b) and (d), enjoin the City from any and all ongoing and future violations of the CWA by ordering compliance with the Act;

3.     Pursuant to 33 U.S.C. § 1319(b), order the City to take all steps necessary to come into permanent and consistent compliance with the NPDES Permit, the 2018 Order, and the CWA;

4.     Order the City to take all steps necessary to redress or mitigate the impact of the City's violations;

5.     Award Plaintiff its cost of this action; and

6.     Award such other and further relief, as the Court deems appropriate.

Respectfully submitted,


TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice


/s/Joanna Citron Day
JOANNA CITRON DAY
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611

JOSHUA D. HURWIT
ID State Bar No. 9527
United States Attorney
District of Idaho

CHRISTINE G. ENGLAND
ID State Bar No. 11390
Assistant United States Attorney
District of Idaho
1290 West Myrtle St., Suite 500
Boise, ID 83702
TELEPHONE:  (208) 334-1211
FACSIMILE:   (208) 34-9375
Email:  Christine.England@usdoj.gov


OF COUNSEL:

DANIELLE GRANATT
Assistant Regional Counsel
U.S. Environmental Protection Agency
Region 10, Office of Regional Counsel
1200 Sixth Avenue, Suite 155, M/S ORC-11-C07
Seattle, Washington 98101-3140
(206) 553-2108